**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOSEPH NOWAK,

      Plaintiff,

vs.                            Case No. 3:26-cv-1461-MMH-MCR

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

      Defendant.
_____/

# O R D E R

    **THIS CAUSE** is before the Court sua sponte. Upon review of Defendant's

Notice of Removal and Incorporated Memo of Law (Doc. 1; Notice), filed June 4,

2026, and the attached documents, the Court finds that Defendant has failed to

redact an exhibit as required by the Federal Rules of Civil Procedure (Rule(s))

and the Administrative Procedures for Electronic Filing in this Court (CM/ECF

Admin. P.). Under Rule 5.2,

> Unless the court orders otherwise, in an electronic or paper filing
> with the court that contains an individual's social-security
> number, taxpayer-identification number, or birth date, the name
> of an individual known to be a minor, or a financial-account
> number, a party or nonparty making the filing may include only:
>
> > (1) the last four digits of the social-security number and
> >     taxpayer-identification number;
> > (2) the year of the individual's birth;
> > (3) the minor's initials; and

(4) the last four digits of the financial-account number.

<u>See</u> Fed. R. Civ. P. 5.2(a); <u>see also</u> CM/ECF Admin. P., Part H. Here, the attached police report includes the full birthdate of two individuals in direct violation of this Rule. <u>See</u> LexisNexis Risk Solutions Report (Doc. 1-8; Police Report) at 3.

Significantly, this Court's Administrative Procedures make clear that the obligation to properly redact personal identifiers falls entirely on the filing party. <u>See</u> CM/ECF Admin. P., Part H, ¶ 1 ("Every lawyer and <u>pro</u> <u>se</u> litigant is responsible for redacting personal identifiers before filing any documents with the Court."). Consequently, the Court will strike the Police Report and direct Defendant to file a properly redacted version of this exhibit. The Court will also direct Defendant's counsel to review Rule 5.2 and Part H of the Court's Administrative Procedures and file a notice on the Court docket certifying that:

1) Counsel has read the relevant rules; and

2) Counsel has ensured that appropriate and effective methods of redaction will be used for all future filings.

While the Court recognizes that redaction errors are generally inadvertent, these errors are not without harm and greater care must be taken to protect personal identifying information <u>before</u> it is filed on the docket. Indeed, in the Court's experience, once a document is filed on the public docket it is almost immediately picked up by legal research services where it may

remain available to the public indefinitely. As such, counsel is cautioned that failure to comply with the redaction rules going forward may warrant sanctions.

Accordingly, it is

**ORDERED**:

1. Defendant's LexisNexis Risk Solutions Report (Doc. 1-8) is **STRICKEN**, and the Clerk of the Court is directed to **remove** this document from the Court docket.

2. Defendant shall have up to and including **July 15, 2026**, to file a properly redacted copy of this document.

3. On or before **July 15, 2026**, Defendant's counsel shall file a notice on the Court docket certifying that 1) counsel has read Rule 5.2 and Part H of the CM/ECF Administrative Procedures, and 2) counsel has ensured that appropriate and effective methods of redaction will be used before all future filings.

**DONE AND ORDERED** in Jacksonville, Florida, on this 8th day of July, 2026.

MARCIA MORALES HOWARD
United States District Judge

- 3 -

lc33

Copies to:
Counsel of Record