**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOSEPH NOWAK,

Plaintiff,

vs. Case No. 3:26-cv-1461-MMH-MCR

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

Defendant.
_______________________________/

**ORDER**

**THIS CAUSE** is before the Court sua sponte. On July 9, 2026, the Court struck one of Defendant's exhibits and directed the Clerk of the Court to remove the exhibit from the Court docket because Defendant failed to properly redact it. See Order (Doc. 21; First Order). In doing so, the Court explained that "the obligation to properly redact personal identifiers falls entirely on the filing party." Id. at 2. Therefore, the Court provided a deadline of July 15, 2026, for Defendant to file a properly redacted copy of the exhibit. Id. at 3. The Court also directed Defendant's counsel to file a notice on the docket certifying that 1) counsel has read Rule 5.2, Federal Rules of Civil Procedure (Rule(s)), and Part H of the Administrative Procedures for Electronic Filing in this Court (CM/ECF

Admin. P.), and 2) "[c]ounsel has ensured that appropriate and effective methods of redaction will be used for all future filings." Id. at 2.

On July 15, 2026, Defendant filed a new copy of the exhibit and Defendant's counsel filed their notice. See LexisNexis Risk Solutions Report (Doc. 23-1; Police Report); Notice of Compliance with the Court's Sua Sponte Order Pursuant to Federal Rules of Civil Procedure, and Administrative Procedures for Electronic Filing (Doc. 23; Notice). In the Notice, Defendant's counsel affirmed that they read the relevant rules and that they have ensured that appropriate and effective methods of redaction will be used for all future filings. See Notice at 1. And yet, the Police Report remains improperly redacted. See Police Report at 3. Indeed, Defendant redacted the birth years of two individuals but left their birth days and months unredacted in direct violation of Rule 5.2(a)(2). Id.; see also Fed. R. Civ. P. 5.2(a)(2). Once again, the Court will strike the Police Report and direct the Clerk of the Court to remove it from the docket. The Court will also direct Defendant's counsel to file a second notice on the docket certifying that counsel has read the relevant rules. Counsel must also explain what they have done to ensure that appropriate and effective methods of redaction will be used for all future filings. Future violations of the Rules and the Court's orders will result in the issuance of an order to show cause why sanctions should not be imposed.

Accordingly, it is

**ORDERED**:

1. Defendant's LexisNexis Risk Solutions Report (Doc. 23-1) is **STRICKEN**, and the Clerk of the Court is directed to **remove** this document from the Court docket.

2. Defendant shall have up to and including **July 27, 2026**, to file a properly redacted copy of this document.

3. On or before **July 27, 2026**, Defendant's counsel shall file a notice on the Court docket 1) certifying that counsel has read Rule 5.2 and Part H of the CM/ECF Administrative Procedures, and 2) explaining what counsel has done to ensure that appropriate and effective methods of redaction will be used before all future filings.

**DONE AND ORDERED** in Jacksonville, Florida, on this 20th day of July, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

lc33

Copies to:
Counsel of Record